IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

J. C. as next friend of B. C.,

        Plaintiff,

v.                            CIVIL ACTION NO. 3:24-0279

ST. MARY'S MEDICAL CENTER, INC.,
a West Virginia corporation, and
KENNETH A. PEARSON, M.D.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Kenneth A. Pearson's Motion for Modification of the Court's Scheduling Order and Motion for Leave to File Amended Answer to the Plaintiff's Amended Complaint (ECF No. 58). For the reasons stated below, the motions are **GRANTED**.

**I.    Background**

On June 7, 2024, Plaintiff J.C., as next friend of B.C., filed a Complaint against Defendants St. Mary's Medical Center, Inc. and Kenneth A. Pearson, M.D. On July 19, 2024, J.C. filed an Amended Complaint. The Amended Complaint brings medical negligence claims against both defendants.

On August 26, 2024, the Court entered a Scheduling Order, which set November 11, 2024, as the due date for amended pleadings. On August 1, 2024, Dr. Pearson filed his Answer and Defenses to the Amended Complaint. In his Answer and Defenses, Dr. Pearson stated, "[t]his Defendant asserts the right to have the fault of all persons, parties, and nonparties determined and allocated as required by the Ohio Revised Code. *See, e.g.*, OHIO REV. CODE §§

2307.22 to .23, 2323.43." *Def. Pearson's Answer and Defenses* at 19, ECF No. 20. In so stating, Dr. Pearson sought to preserve a so-called "empty chair" defense, which allows defendants to potentially allocate fault to non-parties. *See* Ohio Rev. Code § 2307.23.[1]

On November 26, 2024, Dr. Pearson filed the present motion 15 days after the Scheduling Order deadline. In the motion, Dr. Pearson asks the Court to allow him to amend his Answer and Defenses to name Dr. Torin Walters, M.D. and Dr. Robert Conti, M.D. as non-parties at fault and to disclose facts about their actions. *Def. Pearson's Mot.* at 3, ECF No. 58; *Def. Pearson's Am. Answer and Defenses* at 19–20, ECF No. 58-1. J.C. filed a response in opposition to this motion, and Dr. Pearson filed a reply to J.C.'s response.

## II.    Standard of Review

*Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995), which this Court adopted in *Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 496 (S.D. W. Va. 2003), established a two-part test to review motions to amend filed after a Rule 16(b) Scheduling Order deadline. This test instructs:

> Once the scheduling order's deadlines for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)."

*Marcum,* 163 F.R.D. at 254; *see also Stewart,* 212 F.R.D. at 496 (adopting *Marcum's* two-step test); *id.* at 496 n.1 (citing cases supporting adoption).

Rule 16(b)(4) of the Federal Rules of Civil Procedure states that "[a] schedule may be modified only for good cause and with the judge's consent." The Fourth Circuit has instructed that

---

[1] Plaintiff and Defendants agree that Ohio law controls in this case. *See generally*, *Am. Compl.*, ECF No. 15 (citing to Ohio statutes); *Def. Pearson's Am. Answer and Defenses* (same); *Def. St. Mary's Medical Center's Answer*, ECF No. 21 (same).

"the 'touchstone' of that good cause requirement is 'diligence.'" *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020).

Rule 15(a)(2) then provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The standard provided by Rule 15(a) is fairly liberal; however, "if a plaintiff has unduly delayed seeking amendment and the delay is accompanied by prejudice, bad faith, or futility, amendment should be denied." *West Virginia Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.,* 200 F.R.D. 564, 567 (S.D. W. Va. 2001) (quoting *Smith v. United Parcel Serv., Inc.,* 902 F.Supp. 719, 721 (S.D. W. Va. 1995)) (internal quotations and bracket omitted).

### III.    Analysis

In line with *Marcum* and *Stewart*, this Court will first determine whether Dr. Pearson, as the movant, has shown good cause before turning to whether the motion is appropriate under Rule 15(a).

A. <u>Rule 16(b)</u>

The Rule 16(b) good cause standard "primarily considers the diligence of the party seeking the amendment." *Nester v. Hampton Inn Princeton*, No. 13-03336, 2013 WL 5425123, at *2 (S.D. W. Va. Sept. 26, 2013) (citations omitted).

Dr. Pearson contends that his diligence "is apparent on the face of this record." *Def. Pearson's Mot.* at 5. Specifically, Dr. Pearson argues his motion was filed 15 days late because:

> In order to bring this Motion, the undersigned needed to obtain and review hundreds of pages of medical records to identify Dr. Walters' and Dr. Conti's involvement with B.C.'s care in the first place. The undersigned then required time not only to locate, retain, and confer with expert witnesses to ascertain if a reasonable basis existed to impute fault to Dr. Walters and Dr. Conti, but also to confer with

opposing counsel to determine if opposition would be made to the relief sought in this Motion.

*Id.* at 6. In reply, Dr. Pearson further expounds on these efforts, noting that he needed time to consult his expert witnesses and that his expert witnesses needed additional documents in addition to Dr. Walters' and Dr. Conti's reports to determine the accuracy of those reports. *Def. Pearson's Reply to Pl.'s Resp.* at 4, ECF No. 64. He maintains that J.C.'s lack of diligence in allowing access to these additional documents, some of which were not obtained until November 15, 2024, caused the delay. *Id.* at 5–6, n.5.

Dr. Pearson notes several additional reasons the Court should grant his motion. First, he argues that the original pleading of his affirmative defense was sufficient and that this motion simply seeks to amplify the original pleading. *Def. Pearson's Mot.* at 3; *Def. Pearson's Reply to Pl.'s Resp.* at 1–2. Second, he argues that Ohio law, which should apply in this case, allows "a defendant to assert an empty-chair defense through filing a notice of intent to seek apportionment before trial." *Def. Pearson's Mot.* at n.3. Finally, Dr. Pearson argues that J.C. brought a claim against Dr. Conti "for precisely the same injury" in the United States District Court for the Eastern District of Kentucky. *Id.* at 4. Dr. Pearson notes J.C. did not reveal this litigation in Rule 26(a)(1) Disclosures or when asked under oath to "identify each civil . . . claim/proceeding which you or B.C. filed". *Def. Pearson's Reply to Pl.'s Resp.* at 8. Dr. Pearson suggests this nondisclosure limited his ability to proceed expeditiously. *Id.*

Conversely, J.C. contends that Dr. Pearson was not diligent. The crux of J.C.'s argument is that Dr. Pearson had Dr. Walters' and Dr. Conti's reports for over four months. *Pl.'s Resp. to Def. Pearson's Mot.* at 3, ECF No. 63. J.C. notes that as recently as October 30, 2024, Dr. Pearson responded to an interrogatory stating "[a]t this time, this Defendant has not formed an opinion that

any healthcare provider was negligent in the care and treatment [of B.C.]" *Pl.'s Resp. to Def. Pearson's Mot.* at 2. J.C. contends that Dr. Pearson's argument that he needed time to obtain and review hundreds of pages of medical records to identify Dr. Walters and Dr. Conti as potentially liable non-parties "is fanciful." *Pl.'s Resp. to Def. Pearson's Mot.* at 3. J.C. points out that Dr. Walter's report is one page while Dr. Conti's report is two pages. *Id.* Finally, J.C. contends Dr. Pearson has made no showing that he was diligent and, therefore, cannot succeed on this motion. *Id.* at 4.

The Court finds that Dr. Pearson has satisfied the good cause standard of Rule 16(b). Dr. Pearson, through his answer to J.C.'s amended complaint, provided notice to J.C. that he was asserting the right to raise the empty chair defense. He then waited for his expert witnesses to ascertain names and details to determine how best to present this defense. The Court understands these expert witnesses needed more than Dr. Walters' and Dr. Conti's reports to make this determination. The Court will not hold Dr. Pearson accountable for the delays J.C. may have caused in obtaining these additional documents nor reward J.C. for not disclosing the parallel litigation involving Dr. Conti. Dr. Pearson exercised sufficient diligence to meet the Rule 16(b) good cause standard.

B. Rule 15(a)

Additionally, Dr. Pearson must also satisfy the Rule 15(a) test, which "focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party." *Marcum,* 163 F.R.D. at 254. Dr. Pearson, relying in part on the evidence discussed above, asserts he operated in good faith and there will be no prejudice from this amendment. *Def. Pearson's Mot.* at 6–7. J.C. does not contest these points. As such, the Court believes justice requires Dr. Pearson be allowed to amend his answer.

### IV.    Conclusion

For the foregoing reasons, Defendant Kenneth A. Pearson's Motions for Modification of Scheduling Order and for Leave to File Amended Answer to the Plaintiff's Amended Complaint (ECF No. 58) are **GRANTED**. The Court **DIRECTS** the Clerk to **FILE** the Amended Answer and Defenses (ECF No. 58-1).

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.


ENTER:        February 7, 2025


ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE